UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE RAMOS | DOCKET NO. 07-CV-1503; SEC. P |
| VERSUS | JUDGE DRELL |
| FREDERICK MENIFEE, ET AL. | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Jose Ramos, filed on September 10, 2007, pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Ramos is currently incarcerated at United States Penitentiary in Adelanto, California; however, he complains of actions that allegedly took place at the U.S. Penitentiary in Pollock, Louisiana ("USP-P"). He names as defendants Warden Frederick Menifee, Unit Manager Crawford, Counselor McGowen, Case Manager Cavor, and an unknown corrections officer at USP-P.

STATEMENT OF THE CASE

Plaintiff alleges that the defendants failed to properly protect him from an attack that occurred at USP-P. Specifically, Plaintiff alleges that, on November 22, 2006, he was stabbed multiple times with a sharp metal object ("homemade knife") and

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

beaten with a lock attached to a belt.  As a result, Plaintiff suffered multiple stab wounds to his face, back, head, and hand, as well as cuts, abrasions, scarring, and blurred vision.

Plaintiff alleges that he called out for help to the officer on duty for what he believes to have been five minutes before help arrived.

Plaintiff also complains that it took over sixty days to obtain a BP-8 form to file an administrative grievance.  As a result, Plaintiff's administrative remedy attempts were denied as untimely.

## LAW AND ANALYSIS

### I. Warden Menifee, Unit Manager Crawford, Counselor McGowen, and Case Manager Cavor

Plaintiff was ordered to amend his complaint twice in order for the Court to determine the proper disposition of his claims. In addition to the officer on duty at the time of the attack, Plaintiff named as defendants Warden Menifee, Unit Manager Crawford, Counselor McGowen, and Case Manager Cavor.  However, Plaintiff did not raise allegations that any of those defendants violated his constitutional rights in any way.  He only complained that these individuals failed to timely provide him with a Bureau of Prisons ("BOP") BP-8 form in order to pursue administrative remedies about the attack. Plaintiff's second amended complaint clearly articulates that these individuals are "culpable only to

the extent of not providing him with the necessary Bureau of Prison forms to protect his claim regarding the attack."

First, even if the defendants failed to provide Plaintiff with grievance forms per BOP policy, "[A] violation of a prison regulation without more does not state a constitutional violation." Gibson v. Fed. Bureau of Prisons, 121 Fed. Appx. 549, 551 (5th Cir. 2004)(citing Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000)). Federal prisoners have no constitutional right to participate in the BOP's administrative grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) cert. denied, 514 U.S. 1022 (1995); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Therefore, Plaintiff does not raise a constitutional violation with the allegation that Defendants did not timely provide him with administrative remedy forms per BOP policy.

As the Flick Court stated, "[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain the grievance." Flick, 932 F.2d at 729. While Plaintiff claims that he was unable to properly preserve his failure to protect claim, the failure to protect claim has not been, and is not being,

3

dismissed for failing to timely exhaust administrative remedies. Because Plaintiff has not established any constitutional violation by Warden Menifee, Unit Manager Crawford, Counselor McGowen, and Case Manager Cavor, those defendants should all be dismissed.

II. OFFICER ON DUTY AT THE TIME OF THE ATTACK

Plaintiff alleges that "the 'deliberate indifference' demonstrated by the 'Officer on Duty'... was the Officer's failure to follow protocol as defined by the Post Orders governing his Unit Housing Post Assignment while on duty." [Doc. #10, p.1] Plaintiff claims that the duty officer is required by BOP policy to make frequent rounds throughout the housing unit "to ensure that no one is suffering from medical issues or attack/assault by another inmate[s]." [Doc. #10, p.1-2] Plaintiff complains that the officer on duty at the time of Plaintiff's attack had not made any rounds and was on the telephone at the time of the attack. Plaintiff alleges that, had the officer been making rounds, he "could have quite possibly prevented the Plaintiff from suffering the extent of injuries inflicted upon him." [Doc. #10, p.2]

It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). However, under Farmer, an inmate must show **(1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that prison officials were deliberately**

4

**indifferent to the inmate's safety.** Id. at 834. An official acts with such deliberate indifference if he <u>is aware of</u> an "excessive risk to inmate ... safety" <u>and disregards</u> that risk. Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must in fact also have drawn the inference. Id. No liability exists, however, if an official reasonably responded to a known substantial risk, "even if the harm was ultimately not averted." Id. at 844.

Thus, a prison official can only be held liable if he deliberately ignored a clear danger to a prisoner <u>after</u> the official had been made aware of the danger. Farmer, 511 U.S. 825 (1994). A prisoner's vague fears of being attacked are not sufficient notice to inform prison officials under this standard. See Babcock v. White, 102 F.3d 267, 271-72 (7th Cir. 1996); McKnight v. Livingston, 2007 U.S. Dist. LEXIS 5313 (D. Tex. 2007). Plaintiff was ordered to amend his complaint to allege whether the officer on duty (or any other defendant) was aware of an excessive risk to Plaintiff's safety. Plaintiff responded that "he is not able to predict when an attack will occur or when something may or may not happen to him." Plaintiff stated that he was not even aware that he was in danger or at a "substantial risk of harm" prior to the attack. Rather, Plaintiff claimed that, by mere virtue of being housed in a penitentiary, he suffers from a

5

potential risk to his safety.

Plaintiff has not alleged or established that the officer on duty acted with deliberate indifference to the Plaintiff's safety. As noted herein, even if the officer violated BOP policy, "[A] violation of a prison regulation without more does not state a constitutional violation." <u>Gibson v. Fed. Bureau of Prisons</u>, 121 Fed. Appx. 549, 551 (5th Cir. 2004)(citing <u>Edwards v. Johnson</u>, 209 F.3d 772, 779 (5th Cir. 2000)). The inmate would still have to show deliberate indifference on the part of the officer. In this case, Plaintiff can show negligence, at best. However, in order to state a viable claim under § 1983, "a plaintiff must ... prove that the alleged constitutional deprivation was not the result of mere negligence," <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994), since "[t]he negligent deprivation of life, liberty or property is not a constitutional violation," <u>Campbell v. City of San Antonio</u>, 43 F.3d 973, 977 (5th Cir. 1995).

After two amendments to his complaint, it is clear that Plaintiff's complaint should be dismissed as frivolous.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE,** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 5th day of March, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE