**RECEIVED**

JUL - 2 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

JOSE RAMOS,
      Plaintiff

VERSUS

FREDRICK MENIFEE, et al.,
      Defendants

CIVIL ACTION
SECTION "P"
1:07-CV-01503

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is the pro se complaint of plaintiff Jose Ramos filed on September 10, 2007, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).[1] Ramos is currently incarcerated in the United States Penitentiary in Allenwood, Pennsylvania, but he complains that the defendants failed to protect him from an assault by several other inmates which occurred on November 22, 2006, while he was incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). Ramos alleges the other inmates stabbed Ramos multiple times with sharp metal objects and beat him with

---

[1] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

locks attached to belts, causing multiple serious injuries.  The
sole remaining defendant is the "officer on duty" at the time he
was attacked, against whom Ramos alleges a "failure to protect"
claim because, according to Ramos, the officer on duty was on the
phone instead of walking the area, so the other inmates were able
to enter Ramos' cell.  Ramos also alleges that he screamed out for
help for what he believed to have been five minutes before help
arrived.

The court recently discovered the above-captioned case had
been closed in error since the district judge preserved the failure
to protect claim against the unnamed correctional officer.  Ramos
has pending a motion for service, discovery, and for a trial date
(Doc. 17), and a motion for issuance of a scheduling order (Doc.
20).  Therefore, Ramos' complaint and pending motions are before
the court.

<u>Law and Analysis</u>

1.

First, it is noteworthy that, after the April 4, 2008 judgment
dismissing all but one claim and one defendant in this case (Doc.
13), Ramos did not file anything else or inquire about his case
against until April 11, 2011 (Doc. 14).  At that time, Ramos
admitted he had failed to apprise the court of his new address in
California.

If Ramos' case had not mistakenly been administratively closed

2

following the April 2007 judgment, it would have been closed for Ramos' failure to prosecute his case and failure to apprise the court of his new address, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. Link v. Wabash Railroad Company, 370 U.S. 626, 630-33, 82 S.Ct. 1386, 1389-90 (1962); Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1983). Also, Local Rule 41.3.

2.

Moreover, it is clear, after two orders to amend the complaint, that Ramos does not know the name of the defendant correctional officer, which leaves this court with no one upon whom to effect service of process. Rule 41(b) provides for dismissal of the complaint when the plaintiff fails to comply with an order of the court. See Rule 41(b) of the Federal Rules of Civil Procedure; Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386 (1962); Gonzalez v. Trinity Marine Group, Inc., 117 F.3d 894, 898 (5th Cir. 1997).

3.

Finally, Ramos admitted in his complaint that he did not exhaust his administrative remedies with the Bureau of Prisons ("BOP").

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

3

prisoner confined in any jail, prison, or other correctional
facility until such administrative remedies as are available are
exhausted.    42 U.S.C. §1997e(a).    Exhaustion is mandatory,
irrespective of the forms of relief sought and offered through
administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6,
121 S.Ct. 1819 (2001).  The exhaustion requirement of 42 U.S.C. §
1997e applies to all inmate suits about prison life, whether they
involve general circumstances or particular episodes, and whether
they allege excessive force or some other wrong. <u>Porter v. Nussle</u>,
534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).    Thus, federal
prisoners suing under <u>Bivens</u> must first exhaust inmate grievance
procedures just as state prisoners must exhaust administrative
processes prior to instituting a § 1983 suit.  <u>Porter</u>, 534 U.S. at
524, 122 S.Ct. at 988.  Resort to a prison grievance process must
precede resort to a court.  <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at
990.  See also, <u>Jackson v. Dobre</u>, 2002 WL 31016915, 48 Fed.Appx.
104 (5th Cir. 2002)("futility is no longer an exception to the
exhaustion requirement").

   Ramos admits in his complaint that he did not exhaust his
administrative remedies because, according to Ramos, the defendants
did not provide Ramos with grievance forms.[2]    However, Ramos

---

   [2] The administrative remedy procedures which must be
followed by a federal prison inmate are set forth in 28 C.F.R. §§
542.10, et seq.  Those regulations provide for first step of an
informal resolution attempt filed with the prison staff, a second
step of a formal grievance filed with the warden, and appeals at

evidently had the means to write out a grievance himself, but he failed to do so.  Ramos tried to file a BP-8 grievance a few months later, which was rejected numerous times for untimeliness (Doc. 1, Exs.).  Compare Alexander v. Tippah County, Miss., 351 F.3d 626, 630 (5th Cir. 2003), cert. den., 124 S.Ct. 2071 (U.S. 2004) ("While it may be true that the Detention Facility's guards did not give Alexander a pre-printed grievance form, this does not change the fact that he was provided with the means to write one himself").  Therefore, Ramos' complaint should be dismissed without prejudice for failure to exhaust his administrative remedies.  See Gates v. Cook, 376 F.3d 323, 329 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)("the available administrative remedy must be pursued to its conclusion").

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Ramos' complaint be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served

---

the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of July 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE